THE LAW OFFICES OF ANTHONY A. CAPETOLA
TWO HILLSIDE AVENUE
BUILDING C
WILLISTON PARK, NEW YORK 11596
TELEPHONE 516 746-2300
FAX 516 746-2318
www.capetolalaw.com

ANTHONY A. CAPETOLA

ROBERT P. JOHNSON
LINDA KULE
DANIELLE J. SEID
MICHELE R. OLSEN
MICHELE CAPETOLA
LATONIA EARLY††
JENNIFER L. SCHENKER
BRITTANY C. MANGAN
DONNY O. SECAS
JENNIFER L. GARBER

DOLORES A. CAPETOLA †
KATHARINE J. RICHARDS
PETER CECININI ‡
Of-Counsel

† Admitted in NY & NJ
†† Admitted in NY & CT
‡ Admitted in NJ

October 23, 2013

Filed Via Electronic Case Filing
and Facsimile (631) 712-5642

Re:        201 Jerusalem Ave., Massapequa LLC v. Ciena Capital LLC, et. Al.
Case No.:  13- CV- 3568 (LDW) (AKT)

Dear Judge Wexler:

I represent the Defendant, Butch Yamali with respect to the above referenced matter. Pursuant to the Order entered by the Court on October 10, 2013, this correspondence is submitted as a precaution, and to put the Plaintiff on notice, as the Court has ordered the Plaintiff to identify which claims it wishes to proceed with, if any.

Although I do not believe that the Defendant was properly served, I have submitted a Notice of Appearance on behalf of my client, and I am requesting a pre-motion conference pursuant to the Court's rules.

For the reasons that have been well-stated in letters sent to the Court by Co- Defendants in this action, I am seeking to make a motion to dismiss the Plaintiff's Complaint pursuant to FRCP 11 and 12(b). In this regard, I would like to incorporate by reference herein the case law cited by the Co-Defendants in their letters.

The first cause of action should be dismissed as against my client because the individual Defendant I represent is not a state actor, and as such, this Defendant cannot be held liable under 42 U.S.C. §1983.

The second cause of action should be dismissed because the Plaintiff failed to plead this cause of action with particularity as required by Rule 9(b). This cause of action is for fraud based upon misrepresentation. Therefore, the claims are subject to the heightened pleading standard set forth in rule 9(b).

The third cause of action is based upon a claim of wrongful eviction, and the fourth cause of action, which seeks to reverse the foreclosure sale and place the Plaintiff's back in possession of the subject premises should be dismissed based upon the Rooker- Fedman doctrine, which precludes a Federal Court from considering claims that are inextricably intertwined with an earlier state court judgement.

Further, I respectfully submit that my individual client played no role whatsoever in the eviction process which is the subject matter of this action.

Based on the foregoing, I respectfully request that the Court schedule a pre-motion conference for the purpose of discussing the proposed motion to dismiss the Plaintiff's Complaint.

Very truly yours,

Anthony A. Capetola

AAC/jg

CC: Irwin Popkin, Esq.
     Attorney for the Plaintiffs
     445 Broad hollow Rd., Ste., 25
     Melville, New York 11747