UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
201 JERUSALEM AVENUE MASSAPEQUA, LLC and JOHN DEJOHN

                Plaintiffs,

    -against-

CIENA CAPITAL LLC, BUSINESS LOAN EXPRESS, LLC., BLX
CAPITAL, LLC, CIENA CAPITAL FUNDING (NEW YORK) LLC,
CIENA CAPITAL FUNDING, LLC, ALLEGIANT PARTNERS LLC,    **DECLARATION**
PAUL BIBBO, NADINE LUGO, JAY L. YACKOW ESQ., JAX
VENTURES, LLC, STEVEN COHN, ESQ., ROY J. LESTER, ESQ.,
ARENT FOX, FORCHELLI CURTO DEEGAN, SCHWARTZ, MINEO
& TERRANA, LLP, PROCTOR WONG, STEVEN PRINCE, LU DIDA
PR INC, HOWARD GETZ, DR. ALAN GREENFIELD, SAMUEL MELNICK,
ROSEMARY CRUZ, CARLOS RIVERA GONZALES, ROSEANN
CAPANEGRO, BENJAMIN KWOK, STEVEN DAVIS, LOUIS MOYET,
YVONNE FRANCES, QUEENS COUNTY DISTRICT ATTORNEY,
OFFICE OF THE QUEENS COUNTY DISTRICT ATTORNEY,
KATHLEEN RICE, NASSAU COUNTY DISTRICT ATTORNEY,
CHARLES ROBUNDO, RICHARD SMYTHE, OLGA NOVOSAD,
MICHAEL RYAN, MICAEL RYAN, MICHAEL J. SPOSATO, THE NASSAU
COUNTY SHERIFF, THE OFFICE OF THE NASSAU COUNTY SHERIFF,
EDWARD MANAGO, THE NASSAU COUNTY EXECUTIVE, THE
COUNTY OF NASSAU, ELIZABETH LOCONSOLO, ESQ., INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS COUNSEL TO THE NASSAU
COUNTY SHERIFF AND THE NASSAU COUNTY EXECUTIVE,
"X" LINN, INDIVIDUA;Y AND AS DEPUTY SHERIFF OF THE
COUNTY OF NASSAU, "X" LINN, INDIVIUALLY AND AS
DEPUTY SHERIFF OF THE COUNTY OF NASSAU, "X"
MASTROFIERI, INDIVIDUALLY AND AS DEPUTY SHERIFF OF
THE COUNTY OF NASSAU, "X" SCHULZ, INDIVIDUALLY
AND AS DEPUTY SHERIFF OF THE COUNTY OF NASSAU, THE
NASSAU COUNTY POLICE DEPARTMENT, MARVIN LEVINE,
THE NEW YORK STATE LIQUOR AUTHORITY, THE NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE, STEPHEN BUCARIA, JSC., IRA
WARSHAWSKY, ANTONIO BRANDVEEN, JSC., LEONARD B. AUSTIN, JOSEPH
SALADINO, LONG ISLAND CATERERS ASSOCIATION, BUTCH YAMALLI,

CSH VENTURES, LLC, 201 JR CORP, "X", "Y", "Z" Corporations, whose names and addresses are presently unknown and "JANE DOE" and "JOHN DOE" as co-conspirators, whose names and addresses are presently unknown,
                                        Defendants,

_____x

GENEVIEVE LANE LOPRESTI, being an attorney at law, declares the following:

1.     I am one of the attorneys for the plaintiffs herein and am fully familiar with the facts set forth within instant Declaration.

2.     I submit the instant Declaration in response to the Order of the Honorable Judge Wexler requesting that the plaintiffs' counsel provide an explanation as to their continuation of the action against the various defendants. Certain of the defendants will be provided with Stipulations of Discontinuances as attached.

   **FACTUAL BACKGROUND**

The Manor East was purchased by Plaintiff, John DeJohn, on September 27, 2006 for 4.750 million dollars through a one year bridge loan (hard money). MADISON REALTY CAPITAL LLP (hereinafter respectfully referred to as "MADISON"), extended financing in the amount of $4,750,000.00 for a one year interest only with a payoff of $4,750,000.00. Although all payments were made, toward the end of the year, as the economy declined the step up rate became too high.

The plaintiffs were referred to a company entitled "BLX CAPITAL LLC" (hereinafter respectfully referred to as "BLX") which later became known as "CIENA". BLX eventually undertook an assignment from MADISON and obtained a $600,000.00 bridge

loan, the $600,000.00 was to be held in escrow. The total amount of the loan amounted to now $5,350,000.00.

ALLEGIANT PARTNERS, who preceded the second assignment, loans plaintiffs $200,000.00. On December 18, 2006, plaintiffs were forced to allow the imposition of a lien on the property as the UCC's are now owned by the banking institutions. ALLEGIANT and BLX, at this point in time, are being paid monthly installments. They put up $200,000.00 on a Junior Mortgage for 201 JERUSALEM MASSAPEQUA LLC (hereinafter respectfully known as "201 JERUSALEM"). They maintained no UCC's on any equipment and was contingent upon that being the only instrument used as collateral. The purpose of the loan of $200,000.00 was to complete the renovations at Manor East. Monthly installments of $5622.00, with no personal guarantee. After 6 months of payments made, they refused additional payments unless John DeJohn personally guaranteed the loan. Plaintiffs hired attorneys to answer the complaint, which they failed to do, resulting in a default judgement. The judgment appeared before Justice Ira Warshawsky. They relate directly to the demise of the Manor in that even though plaintiffs offered to pay 150 cents on the dollar to settle, Judge Warshawsky saw fit to grant the Sheriff access to furniture and fixtures that they were never entitled to.

1. **The Financial Parties:**

CIENA CAPITAL LLC, BUSINESS LOAN EXPRESS, LLC., BLX CAPITAL, LLC, CIENA CAPITAL FUNDING (NEW YORK) LLC, CIENA CAPITAL FUNDING, LLC, ALLEGIANT PARTNERS LLC, CSH VENTURES, LLC (Paul Bibbo and Nadine Lugo), 201 JR CORP. (Company formed by Jay Yackow to acquire deed from referee Steve Cohn. Formally known as JAX VENTURES). CIENA AND BLX held $600,000.00 in escrow, while offering a 3

year bridge loan with conventional financing that they would provide if plaintiffs could not fin their own conventional financing at the end of a 3 year term. Plaintiffs learned the above filed bankruptcy, and all Chief Operating officers where indicted and imprisoned for bank fraud. The $600,000.00 held in escrow was now missing. Brandon Lisi, was litigating to reduce the mortgage based on fraud and eventually got it brought down to the present form of 1.5 million dollars. We raise the question as to how JAX VENTURES and CIENA, after issuance of a pay off increased the assignment to 2.550 million dollars.

    2.    **The Investors**

PAUL BIBBO, NADINE LUGO. Paul Bibbo and his involvement in the Manor East arose on or about November 2010. He was introduced by name only by Brandon Lisi and Katerina Arvanitakis, as a purchaser whom would take out in totality the mortgage assigned to JAX VENTURES. The conditions were very clear, most important being time of the essence to obtain said assignment by December 31, 2010. The purchase price was 4.6 million dollars, to be allocated as follows: 2.8 million dollars to JAX VENTURES and 1.6 million dollars to Manor East. Steven Haffner Esq., counsel for Paul Bibbo was introduced to Forchelli Curto's employee Gary Kushner on December 14th, 2010 for their initial conference. In essence, they had 16 days to prepare a document that Jay Yackow, Esq., refused to sign, despite the fact that he had stated he could prepare in 24 hours. Paul Bibbo, needed the closing to take pace by the end of the calendar year to reap the rewards of a 1031 and or other tax benefits. No papers were drawn by Jay Yackow Esq., This later resulted in a case in Queens County, NY entitled CSH VENTURES vs JAX VENTURES LLC.

Paul Bibbo's wife, Nadine Lugo's involvement is minimal at best. She was made a party to the instant proceeding because she appeared before the Honorable Randy Sue Marber and represented that she and her husband were purchasing the Manor East, yet they had absolutely no money. The questions will later be brought up on discovery on how they intended to fund the balance of 3.250 million dollars as the Manor East took a 1 million dollars loss when the December 31, 2010 deadline came and went.

JAY L. YACKOW, ESQ. We intend to prove through discovery that Jay Yackow Esq., and his involvement as the attorney, investor and managing member of JAX VENTURES, with knowledge and consent of the following that comprise of JAX VENTURES LLC, namely PROCTOR WONG, STEVEN PRINCE, LUDIDA PR INC, HOWARD GETZ, DR. ALAN GREENFIELD, SAMUEL MELNICK, ROSEMARY CRUZ, CARLOS RIVERIA GONZALES, ROSEANN CAPANEGRO, BENJAMIN KWOK, STEVEN DAVIS AND LUIS MOYET thwarted every effort to bring this situation to an amicable end. He fraudulently induced plaintiffs into a consent judgement, predicated upon a stipulation allowing plaintiffs to regain control of the Manor East, when in truth and in fact he never had any intentions to honor the stipulation and made every effort to thwart our ability.

3.  **Miscellaneous**

STEVEN COHN ESQ., acted under the color of the law after having been removed as a Referee by a Federal Bankruptcy Judge, and his authority to act as such Referee was never reinstated not withstanding that fact, STEVEN COHN was instrumental in divesting 201 JERUSALEM AVENUE MASSAPEQUA LLC, and its title to 201 JERUSALEM AVENUE

MASSAPEQUA LLC, by conducting a foreclosure sale and there after conveying title to the premises to defendant 201 JR CORP. While relieved, but still continuing as referee he also saw fit to represent PAUL BIBBO, and CSH VENTURES LLC, in which is a direct contradiction with his fiduciary duties. When confronted by Irwin Popkin, Esq. in Nassau Supreme counted, Steven Cohn misrepresented and he lied to Justice Bucaria and also to the Second Department Appellate Division Justice Austin, upon his representation of PAUL BIBBO. (201 JR CORP is a corporation owned and controlled by JAY YACKOW and the members of JAX VENTURES).

ROY J. LESTER, ESQ. Acted in conspiracy with all involved as his representation of John DeJohn, Paul Bibbo and his claim to have a personal relationship with JAY YACKOW. He fraudulently induced John DeJohn to retain his services and file a Chapter 13 to achieve the ultimate goal of an August 16, 2011 closing date.

FORCHELLI CURTO DEEGAN, SCWARTZ, MINEO & TERRANA LLP. Retained by John DeJohn on numerous occasions to defend him, but instead they betrayed him. The firm took lofty retainers and performed no work, as evidence by the court records. GARY KUSHNER, Partner, was assigned to stop and settle the ALLEGIANT claim, finalize the deal with JAY YACKOW, audit JAY YACKOW, all of which never came to pass. More importantly, we will add that every municipality, law enforcement, when made aware that FORCHELLI CURTO represented John DeJohn backed off immediately in pursuing their duties. Plaintiffs will have no problem proving FORCEHLLI CURTO as one of the main reasons why there Manor East is no longer.

ARENT FOX. A law firm retained by ALLEGIANT. There roll is in the infancy of events that accumulated in the lawsuit as they acted in conjunction with Forchelli Curto, in numerous plots to keep the $200,000.00 judgement alive, instead of being settled.

4. **The Prosecutors**

QUEENS COUNTY DISTRICT ATTORNEY, OFFICE OF THE QUEENS COUNTY DISTRICT ATTORNEY, YVONNE FRANCES. Approached by John DeJohn and numerous counsels for crimes that were committed in regard to straight escrow theft. We will bring a pleas bargain deal ad receipt of all escrow deposits made in account, which are in excess of $600,000.00. Yet, once again the Manor East complaint fell on deaf ears with the crime handed to YVONNE FRANCES on silver platter. In her response she said she has discretion on who and what she chooses to prosecute. As a former prosecutor, there is no discretionary value that takes precedence. She assured, John DeJohn that the guilty lawyer would be brought to justice and his monies in escrow would be refunded. RICHARD SMYTHE, has been made aware of the proof and the facts. Once again, not only wasn't the monies returned, but the parties responsible were not bought to justice.

CHARLES ROBUNDO. Upon advise by the Chief of Police the Manor East was told to make a criminal complaint in 2011, when the said deal fell apart. The chain of events started with the 7th percent and a report annexed here after. John DeJohn having been interviewed by 2 detectives from the 7th precent, who concluded in the report that after reviewing documents and testimony, found 50 percent criminal and 50 percent civil fraud. They advised plaintiffs after findings that the next step was the District Attorney. Manor East and its principal officer John DeJohn were brought to CHARLES ROBUNDO with a copy of the same complaint as

previously described, CHARLES ROBUNDO concluded the same, yet was put off in his own words by his friendship with Jeff Forchelli and Alfonse D'mato. Let it be known that he would want a chance to speak to Jeff Forchelli to settle this matter. The plaintiff is still waiting for that conversation to take place. After confirmation that his office was pursuing this case the Manor East had no communication with CHARLES ROBUNDO for 5 months. Who then referred plaintiff to go to the FEDERAL BEAURU OF INVESTIGATIONS.

RICHARD SMYTHE. The FBI agent whom entered the Manor East to question about the Manor Easts former attorney Brandon Lisi in allegations charged by Paul Bibbo and Nadine Lugo. The conversation was what we knew about PAUL BIBBO in relation to Brandon Lisi. We produced to his amazement a letter of intent, commitment and final contract, all signed by Paul Bibbo and his counsel Steven Haffner Esq. Plaintiffs pleaded for RICHARD SMYTHES help in stopping what he called a "crime". Which as you can see in the end was neglected in totality.

5. **The Municipalities**

THE NASSAU COUNTY SHERIFF, THE OFFICE OF THE NASSAU COUNTY SHERIFF, MICHEAL J. SPOSATO. MICHAEL SPOSATO, Sheriff of Nassau County, ignored the explicit direction contained in a writ of assistance issued by Justice Steven Bucaria and wrongfully evicted MASSAPEQUA MANOR INC and 201 JERUSALEM AVENUE MASSAPEQUA LLC, at the time which had been the owner of the subject premises particularly when the writ of assistance specifically was effective against MANOR EAST OF MASSAPEQUA LLC. Further more he knew by direction of plaintiffs counsel that MASSAPEQUA MANOR INC was the tenant by the liquor license and the representations of counsel. In addition he directed his deputes to ignore the protestations prior to and during the

course of the eviction. The proof that MASSAPEQUA MANOR INC was in fact the rightful tenants as evidence by the NEW YORK STATE LIQUOR AUTHORITY, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE and a lease submitted during this lengthy litigation to Honorable Justice Bucaria, which had been admitted without exception. The author of the lease in action was and is JAY YACKOW. The County of Nassau encompasses the Sheriff and his actions. Through discovery, we will bring to fact that they failed to acknowledged the law under Honorable Judge Wexlers law of USC 1446 (d), as an automatic stay. The law that upon removal until remanded to the state has no jurisdiction to act on its own accord.

ELIZABETH LOCONSOLO, ESQ., INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS COUNSEL TO THE NASSAU COUNTY SHERIFF AND THE NASSAU COUNTY EXECUTIVE. ELIZABETH LOCONSOLO found it appropriate to deal directly with JAY YACKOW prior to the eviction, in researching the law and aiding JAY YACKOW in overturning a stay granted to GENEVIEVE LOPRESTI, ESQ., and her client John DeJohn. This stay was granted by the Honorable Judge Brandaveen, whom entertained GENEVIEVE LOPRESTI and the representative from the Nassau County Attorneys Office. At the hearing Justice Brandaveen asked how granting a stay to Manor East would harm Nassau County. The reply from Nassau County Attorney was it would not effect the County in anyway, shape or form. He directed the Nassau County Attorneys Office to appear on July 1, 2013. Stay was granted June 8th, 2013, the next day JAY YACKOW, as a non party, with no notice to counsel, made a motion to intervene as a non party, and in his papers he sites his relationship with ELIZABETH LOCONCOLO. The stay as a non party was not only removed, but ultimate relief was granted. ELIZABETH LOCONSOLO, when asked by Justice Brandaveen, specifically

mentioned she was there under the direct order of EDWARD MANGANO and on the behalf of Nassau County Sheriff MICHAEL SPOSATO.

BUTCH YAMALI, LONG ISLAND CATERERS ASSOCIATION, JOSEPH SALADINO. Over the years JOSEPH SALADINO has seen fit to use the Manor East for his own personal fundraisers and family events. He in fact had a party the week prior to the eviction. He knew of everyone's cell phone numbers and somehow saw fit to hold a press conference to rescue the victims of the Manor East and lead them into the trusting hands of BUTCH YAMALI and the LONG ISLAND CATERERS ASSOCIATION. This event was orchestrated without the Manor East being contacted, plaintiffs in fact learned of this press conference around midnight the day of the eviction. Plaintiffs counsel finds it odd that he was able to contact all clients of Manor East in 12 hours and go on all news media outlets to honor all contracts left in abeyance by Manor East honoring them in price, time and date. When in fact after the hoopla they in fact changed the prices and dates and refused behind closed doors to honor Manor East contacts. Instead, they had their hotline directly linked to the district attorneys office.

THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE. Acted in concert with the New York State Liquor Authority and other state agencies to continue to harass and over bill until vast amounts of monies had to be spend on bankruptcies and accountants. How does a $750,000.00 tax bill become refined after audit to $91,000.00?., and yet a 79 year old Veteran and his family are continually harassed. This continuing after all receipts were paid and acknowledged.

5. The Judiciary

All Judges are released.

CLAIMS THAT ARE BRING PURSUED.

1.	42 USC 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

2.	42 USC 1985 - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

3.	18 USC 1961-1968 - CIVIL RICO

4.	29 USC 1109 - LIABILITY FOR BREACH OF FIDUCIARY DUTY

5.	ILLEGAL AND UNLAWFUL EVICTION

6.	BREACH OF CONTRACT

7.	FRAUDULENT INDUCEMENT

8.	REASONABLE RELIANCE


IN SUMMARY


Honorable Judge Wexler, as per your directive and conference with my client, I naturally did as you requested, and relieved certain individuals from this action. I want to impress upon you that Irwin Popkin, Esq., and myself are competent attorneys. I am married to a Former Appellate Division Second Department Law Secretary Judge and now special referee in Nassau County family court, and my being a former prosecutor would never bring in a frivolous claim.

Both my 79 year old client and his 53 years old nephew are former Rangers and Marines, and they fully explained to me the comrodory that you feel for your fellow Judges. I apologize if I offended you in any way, but if given the chance to present the case that both myself and Irwin

Popkin crave and welcome, we will leave you with no doubt that remaining parties acted in a conspiracy to deprive my client of his constitutional rights that he, like yourself fought for.


Dated: Massapequa, New York              /S/ GENEVIEVE LANE LOPRESTI
                                         _____
    October 24, 2013                     GENEVIEVE LANE LOPRESTI, ESQ.