FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP

COUNSELORS AT LAW

THE OMNI
333 EARLE OVINGTON BLVD., SUITE 1010
UNIONDALE, NEW YORK  11553
TELEPHONE: (516) 248-1700
FACSIMILE: (516) 248-1729

WEBSITE:WWW.FORCHELLILAW.COM

**JEFFREY G. STARK**
PARTNER
JSTARK@FORCHELLILAW.COM

<u>**Via Electronic Case Filing**</u>                May 12, 2014

Hon. Leonard D. Wexler
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re:   <u>**201 Jerusalem Ave Massapequa LLC et al. v.
> Ciena Capital LLC, et al., Case No. 13-cv-3568 (LDW) (AKT)**</u>

Dear Judge Wexler:

     We represent defendant Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP ("Forchelli Curto") in this matter.

     On July 29, 2013, Forchelli Curto filed a letter application for a pre-motion conference preliminary to a motion to dismiss.  (Copy annexed).  As set forth in the letter application, the plaintiffs have no valid claims against Forchelli Curto, and this case should be dismissed in its entirety.  On August 29, 2013, Magistrate Judge A. Kathleen Tomlinson entered an order *inter alia* staying discovery pending filing of the anticipated motions to dismiss.

     The Court entered an order on October 10, 2013 stating:

> In accord with rulings made on the record in court proceedings today, the Court directs Plaintiffs' counsel to review all allegations of all complaints in this action and in the matters related hereto that are before this court, as well as all pre-motion correspondence. Plaintiffs' counsel are granted two weeks from the date of this order to make clear to the court the precise claims that they intend to pursue, and the precise identity of the Defendants against whom such claims will proceed, if

FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP
COUNSELORS AT LAW

May 12, 2014
Hon. Leonard D. Wexler
Page 2

    any. Such correspondence shall make clear the basis for federal jurisdiction. In the event that Plaintiffs choose to proceed with these actions the court will schedule a date for the filing of an amended complaint and any motions to dismiss. The court has put Plaintiffs' counsel on notice that the pursuit of any frivolous claims shall result in the imposition of sanctions upon counsel. The court will consider whether such sanctions should include, inter alia, any Defense costs incurred to date. No answers need be filed and no motions shall be made at this time. The stay of discovery remains in effect, including a prohibition on service of any subpoenas.

    Although the plaintiffs dismissed several parties from the case, they have failed to identify the claims they wish to pursue or the defendants against whom such claims will proceed, and have failed to identify the basis of federal jurisdiction. No amended complaint has been served.

    Considering the complete lack of merit of plaintiffs' claims, and the lack of a basis for federal jurisdiction, motions to dismiss should be submitted and decided prior to the commencement of discovery.

    On May 7, 2014, Magistrate Judge Tomlinson entered a Scheduling Order setting a status conference for May 28, 2014 at 4:00 p.m. Due to the upcoming status conference before Magistrate Judge Tomlinson, we write to request that either (1) the Court hold a status conference to set a briefing schedule for the motion to dismiss or (2) the Court set such schedule without a conference. Thank you for your consideration in this matter.

                                    Respectfully submitted,

                                      */s/ Jeffrey G. Stark*

                                    Jeffrey G. Stark

JGS:bjh

cc:    All Parties *(via Electronic Case Filing)*

FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP

COUNSELORS AT LAW

THE OMNI
333 EARLE OVINGTON BLVD., SUITE 1010
UNIONDALE, NEW YORK  11553
TELEPHONE: (516) 248-1700
FACSIMILE: (516) 248-1729

WEBSITE:WWW.FORCHELLILAW.COM

**JEFFREY G. STARK**
PARTNER
JSTARK@FORCHELLILAW.COM

<u>**Via Electronic Case Filing**</u>　　　　　　　　　　July 29, 2013

Hon. Leonard D. Wexler
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:　　<u>**201 Jerusalem Ave Massapequa LLC et al. v.
　　　　　　　Ciena Capital LLC, et al., Case No. 13-cv-3568 (LDW) (AKT)**</u>

Dear Judge Wexler:

      We represent defendant Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP ("Forchelli Curto") in this matter.  I write to request that the Court hold a pre-motion conference preliminary to a motion.  Alternatively, Forchelli Curto requests that the Court waive the pre-motion conference and set a briefing schedule for the motion.

      Initially, on June 27, 2012, plaintiffs executed a general release in favor of Forchelli Curto.  In considering a motion to dismiss, the Court is entitled to take judicial notice of documents integral to or referred to in the complaint. <u>See</u> <u>e.g.</u> <u>Subaru Distribs. Corp. v. Subaru of Am., Inc.</u>, 425 F.3d 119, 122 (2d Cir. 2005).  The release bars plaintiffs' claims against this law firm in their entirety, and thus the complaint should be dismissed pursuant to Rule 12(b)(6).  <u>See</u> <u>Ladenburg Thalmann & Co. v. Imaging Diagnostic Sys., Inc.</u>, 176 F. Supp.2d 199 (S.D.N.Y. 2001) (existence of a valid release may warrant dismissal for failure to state a claim).

      Additionally, each of plaintiff's four claims fail to adequately plead a cause of action.  Plaintiffs first claim for relief seeks damages for alleged violations of 42 U.S.C. § 1983 and the Fourteenth Amendment.  These claims must be dismissed pursuant to Rule 12(b)(6) because plaintiffs cannot bring civil rights claims against

July 29, 2013
Hon. Leonard D. Wexler
Page 2

private actors like Forchelli Curto.  See Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); Brown v. Legal Aid Soc'y, 367 Fed.Appx. 215, 216 (2d Cir. 2010); Shahid v. Brooklyn Legal Serv. Corp., 114 Fed.Appx. 35 (2d Cir. 2004); Rodriguez v. Weprin, 116 F.3d 62 (2d Cir. 1997).  The claim fails because the law firm is not a state actor within the meaning of the statute.  Burgess v. Harris Beach PLLC, 346 Fed.Appx. 658, 660 n.1 (2d Cir. 2009).

The second cause of action for fraud based upon misrepresentation should be dismissed for failure to state a claim under Rule 12(b)(6), for failure to meet the pleading requirements of Rule 8, and for failure to plead fraud with particularity under Rule 9(b).

The claim is an indecipherable hodgepodge of allegations and plaintiffs do not articulate the violation of any statute or state any common law claim.  "Neither the defendants nor the court should be required to expend the time, effort and resources necessary to parse through plaintiff's pleading in order to determine what claims, if any, plaintiff has alleged".  Ceparano v. Suffolk County, 2010 WL 5437212, *4, 10-cv-2030 (E.D.N.Y. Dec. 15, 2010).  The claim fails to meet the pleading requirements for Rule 8.  See Pickering-George v. Landlord Mgmt., 2011 WL 3702290, *3, 11-cv-3273 (E.D.N.Y. Aug. 19, 2011) ("complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing ... are therefore subject to dismissal").

The second claim appears to be for fraudulent misrepresentation (see paragraphs 207-209 where plaintiffs allege "promises and assurances" and that "representations were in fact false when made").  Claims based on fraudulent misrepresentation are subject to the heightened pleading standard of Rule 9(b) which require averments of fraud to be stated with particularity.  See Malmsteen v. Berdon, LLP, 477 F.Supp.2d 655 (S.D.N.Y. 2007).  The complaint must be dismissed because plaintiffs failed to specify the statements that were fraudulent, identify the speaker, state where and when the statements were made, and explain why the statements were fraudulent.  Id. at 664.

The third claim seeks damages for wrongful eviction.  This claim must be dismissed for failure to state a claim as to defendant Forchelli, Curto because the firm is not alleged to have had any role in the allegedly wrongful eviction.

July 29, 2013
Hon. Leonard D. Wexler
Page 3

  The third claim should also be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine because plaintiffs' claims are related to and emanate from the state court eviction proceeding. See Moccio v. NY State Office of Court Admin, 95 F.3d 195, 198 (2d Cir. 1996) ("A challenge under the Rooker-Feldman doctrine is for lack of subject matter jurisdiction"). Plaintiffs' challenge to the "writ of assistance and the Order of Justice Bucaria" is barred. Babalola v. B.Y. Equities, Inc., 63 Fed.Appx. 534 (2d Cir. 2003) (district court lacked jurisdiction to consider evicted tenant's claims).

  The fourth claim for relief "against all defendants" seeks an injunction "transferring the property back to the plaintiffs." This claim should be dismissed for failure to state a claim as to defendant Forchelli Curto because the firm was not the transferee at the foreclosure auction, is not the title holder the property, and no relief is requested on this count against Forchelli Curto.

  Additionally, the fourth claim should be dismissed pursuant to the Rooker-Feldman doctrine because it seeks to unwind a foreclosure auction conducted pursuant to orders of the State court. See Swiatkowski v. Citibank, 745 F.Supp.2d 150 (E.D.N.Y. 2010). Any application with respect to the foreclosure auction must be made in State court.

  For these reasons, we ask for a pre-motion conference preliminary to a motion to dismiss, or, alternatively, that the Court waive the pre-motion conference and set a briefing schedule. Thank you for your consideration in this matter.

          Respectfully submitted,

          */s/ Jeffrey G. Stark*

          Jeffrey G. Stark

JGS:bjh

cc: Irwin Popkin, Esq. *(via Electronic Case Filing)*
   *Attorneys for plaintiffs*

   Timothy William Salter, Esq. *(via Electronic Case Filing)*
   *Attorneys for Roy J. Lester Esq.*