Law Office of STEVEN COHN, P.C.
COUNSELOR AT LAW
One Old Country Road, Suite 420
Carle Place, New York 11514

Steven Cohn

Tel. (516) 294-6410
Fax. (516) 294-0094

Susan E. Dantzig
Mitchell R. Goldklang
Alan S. Zigman
Jeffrey H. Weinberger
Richard C. Goldberg
Michael Venditto
Peter Chatzinoff

August 13, 2013

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

RE:  **201 JERUSALEM AVE MASSAPEQUA LLC V. CIENA CAPITAL FUNDING et al.**
Civil Case No: 13-cv-3568 (LDW)(AKT)

Dear Judge Wexler:

This firm represents the Defendant Steven Cohn, Esq. (hereinafter "Cohn") in the above captioned action.

In the sake of brevity, we likewise concur with the statements made by co-defendant Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, in its letter to the Court dated May 12, 2014. On August 8, 2013 we filed a letter application to file a dispositive motion to dismiss the complaint against Mr. Cohn.

Accordingly, we join in the request that either the upcoming status conference scheduled for May 28, 2014, set a briefing schedule for dispositive motions or such a schedule be set without a conference.

Thank you for your courtesies.

Very truly yours,

Mitchell R. Goldklang

MRG/kt
cc:    All parties via ECF

Law Office of STEVEN COHN, P.C.<br>
COUNSELOR AT LAW<br>
One Old Country Road, Suite 420<br>
Carle Place, New York 11514

Steven Cohn

Tel. (516) 294-6410
Fax. (516) 294-0094

Susan E. Dantzig
Mitchell R. Goldklang
Alan S. Zigman
Jeffrey H. Weinberger
Richard C. Goldberg
Michael Venditto

August 8, 2013

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

RE:   **201 JERUSALEM AVE MASSAPEQUA LLC V. CIENA CAPITAL FUNDING et al.**
Civil Case No: 13-cv-3568 (LDW)(AKT)

Dear Judge Wexler:

This firm represents the Defendant Steven Cohn, Esq. (hereinafter "Cohn") in the above captioned action. This letter is being sent pursuant to the Court's rules requiring a pre-motion conference prior to making any motion. The Defendant represented by this office seeks to move to make a motion to dismiss the Complaint of the Plaintiff in its entirety pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Plaintiffs first claim for relief seeks damages for alleged violations of 42 U.S.C. § 1983 and the Fourteenth Amendment. In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must allege that (1) the conduct complained of is fairly attributable to a state actor; and (2) as a result of the Defendant's conduct, the Plaintiff suffered a deprivation of his rights and privileges secured by the Constitution of Federal Laws. *Annis v. County of Westchester*, 136 F. 3d 239, 246 (2nd Cir. 1998). While several Justices of the Supreme Court and Appellate Division are named in this suit, it is well settled that Judges and Court officials are immune from suit under Section 1983 for acts performed in their official capacities. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 331 (1978). Similarly, a court appointed referee is entitle to absolute immunity for his official acts, *Renner v. Station* 2013 WL 1898389 (E.D.N.Y. 2013); *Wilson v. Wilson-Polson*, 446 Fed. App'x. 330 (2nd Cir. 2011). Accordingly, as the allegations in the Complaint relate to Cohn's actions and his duties as a court appointed referee, Cohn is immune from suit.

1

The second cause of action for fraud is against "all of the Defendants". Initially, the only Defendant actually named in this cause of action is "Forchelli and Yakow" (C. 205).[1] To the extent this cause of action for fraud is based upon misrepresentation, it should be dismissed for failing to meet the heightened pleading standard for fraud, which is required to be stated with particularity in accordance with Rule 9(b) (C. 207-209). In this respect, as it concerns Cohn, the allegations contained in the cause of action for fraud fail to specify the time, place, speaker, and content of the alleged misrepresentations. As such, as the pleading requirements of Rule 9 have not been met, the cause of action, as to this Defendant, should be dismissed. *Protter v. Nathan's Famous Systems, Inc.*, 904 F. Supp. 101 (E.D.N.Y. 1995).

The third cause of action seeks damages for alleged wrongful eviction. This claim must be dismissed against Cohn because he is not alleged to have any role in the allegedly wrongful eviction. Further, this cause of action should be dismissed pursuant to the Rooker-Feldman Doctrine, as Plaintiffs claims are directly related to the state court eviction proceeding. The Rooker-Feldman Doctrine precludes a Federal Court from considering claims decided by a State Court or claims "inextricably intertwined" with earlier state-court judgment. *Abrahams v. The Appellate Division of the Supreme Court*, 473 F. Supp. 2d 550 (S.D.N.Y. 2007).

The fourth cause of action should likewise be dismissed pursuant to the Rooker-Feldman Doctrine because it seeks to reverse an auction of foreclosure performed pursuant to State Court Orders. In addition, as aforementioned, Cohn is immune from suit based upon his actions and duties conducted as a judicially appointed referee.

For the aforementioned reasons, we respectfully request that this the Honorable Court schedule a pre-motion conference to permit Defendant Cohn to make a motion to dismiss all of the causes of action against him pursuant to Rule 12(b).

Thank you for your courtesies.

Very truly yours,

Mitchell R. Goldklang

MRG/kt
cc: Irwin Popkin, Esq.
    445 Broadhollow Road
    Suite 25
    Melville, New York 11747

---

[1] References are made to Plaintiff's Complaint as (C. ) followed by the appropriate page number.

2