UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
201 JERUSALEM AVENUE MASSAPEQUA
LLC, and JOHN DEJOHN,

        Plaintiffs,

    -against-

CIENA CAPITAL LLC, BUSINESS LOAN EXPRESS,
LLC, BLX CAPITAL, LLC, CIENA CAPITAL FUNDING
(NEW YORK) LLC, CIENA CAPITAL FUNDING, LLC,
ALLEGIANT PARTNERS LLC, PAUL BIBBO, NADINE
LUGO, JAY L. YACKOW, ESQ., JAX VENTURES, LLC,
STEVEN COHN, ESQ., ROY LESTER, ESQ., ARENT
FOX, FORCHELLI CURTO DEEGAN, SCHWARTZ,
MINEO & TERRAN, LLP, PROCTOR WONG, STEVEN
PRINCE, LU DIDA PR INC., HOWARD GETZ, DR. ALAN
GREENFIELD, SAMUEL MELNICK, ROSEMARY
CRUZ, CARLOS RIVERA GONZALES, ROSEANN
CAPANEGRO, BENJAMIN KWOK, STEVEN DAVIS,
LOUIS MOYET YVONNE FRANCES, QUEENS COUNTY
DISTRICT ATTORNEY, OFFICE OF THE QUEENS COUNTY
DISTRICT ATTORNEY, KATHLEEN RICE, NASSAU
COUNTY DISTRICT ATTORNEY, CHARLES ROBUNDO,
RICHARD SMYTHE, OLGA NOVOSAD, MICHAEL RYAN,
MICHAEL J. SPOSATO, THE NASSAU COUNTY SHERIFF,
THE OFFICE OF THE NASSAU COUNTY SHERIFF,
EDWARD MANGANO, THE NASSAU COUNTY EXECUTIVE,
THE COUNTY OF NASSAU, ELIZABETH LOCONSOLO, ESQ.,
INDIVIDUALLY AND IN HER OFFICE CAPACITY AS
COUNSEL TO THE NASSAU COUNTY SHERIFF AND THE
NASSAU COUNTY EXECUTIVE, "X" LINN, INDIVIDUALLY
AND AS DEPUTY SHERIFF OF THE COUNTY OF NASSAU,
"X" LINN, INDIVIDUALLY AND AS DEPUTY SHERIFF OF
THE COUNTY OF NASSAU, "X" MASTROFIERI,
INDIVIDUALLY AND AS DEPUTY SHERIFF OF THE
COUNTY OF NASSAU, "X" SCHULZ, INDIVIDUALLY AND
AS DEPUTY SHERIFF OF THE COUNTY OF NASSAU,
THE NASSAU COUNTY POLICE DEPARTMENT, MARVIN
LEVINE, THE NEW YORK STATE LIQUOR AUTHORITY,
THE NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, STEPHEN BUCARIA, JSC., IRA
WARSHAWSKY, ANTONIO BRANDVEEN, JSC., LEONARD

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 28 2015   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 13-3568

(Wexler, J.)

B. AUSTIN, JOSEPH SALDINO, LONG ISLAND CATERERS
ASSOCIATION, BUTCH YAMALLI, CSH VENTURES, LLC,
201 JR CORP., "X", "Y", "Z" Corporations, whose names and
addresses are presently unknown and "JANE DOE" as co-conspirators,
whose names and addresses are presently unknown, and
201 JERUSALEM AVE MASSAPEQUA LLC.,

        Defendants..
-----------------------------------------------------------X

APPEARANCES:

    GENEVIEVE LANE LOPRESTI, ESQ.
    3 Lake Shore Boulevard
    Massapequa, NY 11758
    Attorneys for Plaintiffs

    MICHAEL MANOUSSOS, PLLC
    By: Michael Manoussos, Esq.
    80-02 Kew Gardens Road, Suite 901
    Kew Gardens, NY 11415
    Attorneys for Defendants Paul Bibbo,
    Nadine Lugo and CSH Ventures, LLC

    NASSAU COUNTY ATTORNEY CARNELL T. FOSKEY
    By: Andrew R. Scott, Esq., Deputy County Attorney
    1 West Street
    Mineola, NY 11501
    Attorneys for Nassau County Defendants

    ALAN M. DAVIS, ESQ.
    121-B West Oak Street
    Amityville, NY 11701
    Attorneys for Defendants Jay L. Yackow, Esq., Jax Ventures LLC, Proctor Wong, Steven
    Prince, Lu Dida Pr Inc., Howard Getz, Dr. Alan Greenfield, Samuel Melnick, Rosemary
    Cruz, Carlos Rivera Gonzales, Roseann Capanegro, Benjamin Kwok, Steven Davis,
    Louis Moyet Yvonne Frances, and 201 JR Corp.

WEXLER, District Judge:

    Plaintiffs 201 Jerusalem Avenue Massapequa LLC, ("201 Jerusalem") and John DeJohn

("DeJohn"), (collectively, "Plaintiffs") bring this action against the numerous defendants listed in

the above caption asserting claims for conspiracy to breach contract, conversion of assets, trespass to chattels, fraud, breach of contract, scheme to defraud and steal (RICO claim), violation of civil rights under 42 U.S.C. § 1983, mortgage fraud-criminal enterprise, wrongful dispossession/writ of assistance, conspiracy to violate Plaintiff's rights under 42 U.S.C. § 1985, and for an injunction. At the urging of the Court and under the threat of sanctions, Plaintiffs dismissed claims against various defendants. The remaining defendants now move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.Pro."), claiming there is no basis for federal jurisdiction and that Plaintiffs fail to state a claim. Some defendants also move for costs of this motion. For the reasons stated below, the motions to dismiss of certain defendants identified below are granted.[1]

## BACKGROUND

The Court will not recite the Amended Complaint ("AC" or "Complaint"), which is 89 pages long and recounts a series of events over a number of years that involve the property at 201 Jerusalem Avenue in Massapequa, New York (the "Premises"), which was operated as a catering hall for over 50 years, and owned by Plaintiff 201 Jerusalem, of which Plaintiff DeJohn is the sole owner and managing member. AC, ¶¶ 22, 23. The gravamen of Plaintiffs' case is: "[t]he well-organized plan of the party defendants was to squeeze the plaintiffs out of business such that another business would purchase the property, to the detriment of the plaintiffs, is illustrative of the campaign of harassment the plaintiffs have endured over the past years in this court system. They have entered into contracts, sold equipment, all to their detriment, to be double-crossed by

---

[1] Plaintiffs did not oppose motions to dismiss filed by defendants Roy J. Lester, Esq. and Arent Fox, which this Court has previously granted as unopposed.

their own attorneys and municipal officials." AC, ¶ 20.

As briefly as possible for the purposes of this motion, the allegations of the AC are summarized as follows: DeJohn first bought the Premises in 2006 for $4.750 million dollars, a portion of which was financed with a bridge loan from Madison Realty Capital LLP. Soon thereafter, Allegiant provided a loan of $200,000, secured with a second mortgage. Sometime later, Allegiant pursued a foreclosure action on the loan through its lawyers defendant Arent Fox, which was filed before defendant Justice Ira Warshawsky in Nassau County. Because Plaintiffs' lawyers never filed an answer in that case, a default was entered. Another entity, defendant BLX Capital LLC (which later became defendant Ciena Capital LLC ("Ciena")), assumed the Madison mortgage, and advanced an additional $600,000, which increased the total indebtedness to $5,350,000.00. BLX/Ciena went through a bankruptcy and money held in escrow for the payment of taxes went missing. DeJohn claims he was prepared to buy out BLX/Ciena at that time but was rebuffed. By a stipulation of settlement dated August 31, 2009, Ciena assigned its interest in the foreclosure action to defendant JAX Ventures, LLC ("JAX"), represented by defendant Jay Yakow, Esq. ("Yakow"), who pulled together various investors, including some of the individuals defendants listed in the caption. Attempts were made to negotiate a sale of the premises, including to defendants Bibbo, Lugo and CSH Ventures ("CSH"), which were unsuccessful. A judgment of foreclosure was entered on August 5, 2010, and on December 18, 2012, the Premises was sold to 201 JR Corp. ("201 JR"), an entity created by Yakow. Ultimately, a writ of assistance dated March 27, 2013 was issued by defendant Justice Bucaria giving the defendant Sheriff of Nassau County authority to enter and evict the premises. After orders to show cause and appeals to the Appellate Division were heard and denied by other

defendant judges, an order to vacate the premises was issued on May 30, 2013, and after further attempts to get a stay from the Appellate Division failed, on June 13, 2013, the Sheriff of Nassau County entered the Premises and seized its contents.

As stated above, Plaintiffs bring this action asserting, amongst other things, that these events were part of a conspiracy or plan to deprive Plaintiffs of their property and rights.[2] Occasional references in the amended complaint assert that such acts were taken because of Plaintiff DeJohn's Italian heritage. Other state court litigations involving the premises and various parties involved here include <u>Mazzuka v. 201 Jerusalem Avenue Massapequa</u>, Supreme Court, Nassau County, Index No. 12738/08 (the foreclosure action); <u>CSH Ventues, LLC v. JAX Ventures, LLC</u>, Supreme Court, Nassau County, Index No. 12-2437 (specific performance action); <u>CSH Ventures, LLC v. Haffner</u>, Supreme Court, Nassau County, Index No. 12-10642 (for return of escrow money to Bibbo).

The remaining defendants have moved in three group: Paul Bibbo, Nadine Lugo and CSH Ventures, LLC ("Bibbo Defendants"), Jay L. Yackow, Esq., Jax Ventures LLC, Proctor Wong, Steven Prince, Lu Dida PR Inc., Howard Getz, Dr. Alan Greenfield, Samuel Melnick, Rosemary Cruz, Carlos Rivera Gonzales, Roseann Capanegro, Benjamin Kwok, Steven Davis, Louis Moyet Yvonne Frances, and 201 JR Corp. ("201 JR Defendants"), and the County of Nassau, Elizabeth Loconsolo, Esq., Charles Robundo, Michael J. Sposato, and the Office of the Nassau County Sheriff ("County Defendants"), (collectively, "Defendants") All three motions to dismiss are

---

[2] Related entities of Plaintiffs, through the same counsel for Plaintiffs as in this case, have also filed four other actions in this Court, filed as related to each other, at docket numbers 13-CV-3733, 13-3485, 13-CV-3160 (which is removal of foreclosure action) and 13-CV-3269. The amended complaint in 13-CV-3733 is also subject to the same Defendants' motions to dismiss and is addressed in a separate order.

addressed here.[3]

## DISCUSSION

I.  Standards on Motion to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of Plaintiff. Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted); see Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58-59 (2d Cir. 2010). In BellAtlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The "short and plain" pleading standard of Rule 8 of the Fed.R.Civ.Proc. does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." Twombley, at

---

[3]The 201 JR Defendants also request that the Court direct the Nassau County Clerk to cancel the Notice of Pendency bearing Index No. 13-7771 filed by Plaintiffs on the Premises regarding this lawsuit.

555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, at 678-679.

II.  Disposition of the Motion

   A. Lack of Federal Jurisdiction

Of the eleven claims in Plaintiffs' complaint, there are three federal claims - under 42 U.S.C. §§ 1983 and § 1985, and RICO, 18 U.S.C. § 1962. All Defendants argue that Plaintiffs have failed to state any of these claims.

   1. Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C § 1983, a plaintiff must allege that acts were committed by a person acting under color of state law, and that such acts deprived the plaintiff of "rights, privileges or immunities secured by the Constitution or laws of the United States." Bailey v. City of New York, 79 F.Supp.3d 424, 440 (E.D.N.Y. 2015) (quoting Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks and citation omitted)).

      i. Bibba and 201 JR Defendants

It is clear that the Bibba and 201 JR defendants, as private entites, are not state actors to trigger liability under § 1983. Plaintiffs' complaint attempts to remedy this by alleging, for example, that "[a]ll acted in conjunction with defendants, municipalities are their agents, under

the color of law." AC, ¶ 277. Similarly conclusory allegations, without more, are elsewhere in the complaint. See e.g., AC, ¶ 273, 289, 294.

"To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act," or that "the private actor 'is a willful participant in joint activity with the State or its agents.'" Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (citations omitted). Merely conclusory allegations that a private entity acted in concert with a state actor is not enough to state a § 1983 claim against the private entity. Id. (affirming motion to dismiss § 1983 claim where plaintiff failed to provide any factual allegations that the defendant conspired with the state actors). Plaintiffs fail to meet this threshold.

Even if Plaintiffs' allegations sufficiently stated that the Bibba and 201 JR Defendants acted in concert with the County Defendants, the allegations fail to state how Plaintiffs were deprived of constitutional rights. The allegations are the "unadorned, the-defendant-unlawfully-harmed-me accusations" that Iqbal rejects. Iqbal, at 678, quoting Twombley, at 555 (other citations omitted) The occasional conclusory claim that Defendants discriminated against Plaintiffs because of DeJohn's Italian heritage is insufficient. Nor is the bald allegation that Plaintiffs have been denied due process or been the subject of a plan to deprive them of property. As stated above, merely reciting legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, at 678-679.

### ii. County Defendants

While the individual County Defendants[4] – namely Elizabeth Loconsolo, Esq., Charles Robundo, Michael J. Sposato - are state actors, it is well-settled that to hold a defendant individually liable for a civil rights violation a plaintiff must plausibly allege some personal involvement in the constitutional violation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994), abrogated on other grounds, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (citations omitted); Leshore v. Commissioner of Long Beach Police Department, 2012 WL 1032643 * 6 (E.D.N.Y. 2012).

Plaintiffs' complaint fails to allege how any of the County Defendants were personally involved in an alleged deprivation of Plaintiffs' constitutional rights. There are no specific allegations about how Elizabeth Loconsolo, Esq., Charles Robundo or Michael J. Sposato were involved in the events described in the complaint beyond conclusory allegations, and the only alleged involvement is in connection with the order of eviction, which even the complaint states was pursuant to a court order. Although "state actors," the complaint is completely devoid of any allegation of how the County Defendants deprived Plaintiffs of their constitutional rights. Defendants' motion to dismiss Plaintiffs' claims under 42 U.S.C. § 1983 is granted.[5]

---

[4]Plaintiffs' claims against the Office of the Sheriff of Nassau and Sheriff Michael J. Sposato in his official capacity are hereby dismissed since both are non-suable, administrative arms of a municipality. Davis v. Lynbook Police Dep't, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002); Hall v. City of White Plains, 185 F.Supp.2d 293, 303 (S.D.N.Y. 2002).

[5]Similarly, Plaintiffs' claims against Nassau County also fail. To hold a municipality liable under § 1983, the plaintiff must show that the acts that caused the constitutional deprivation were pursuant to an official policy or custom of the municipality. Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As noted, Plaintiffs' complaint fails to state that there has been a constitutional deprivation, much less one pursuant to an official policy or custom.

2. Claims under 42 U.S.C. § 1985

42 U.S.C § 1985 creates a claim for conspiracy to violate a person's constitutional rights. Such a claim requires "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087-88 (2d Cir. 1993) (citing 1088 United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983)). Furthermore, there must be "'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" Id., at 1088 (citations omitted).

Plaintiffs fail to state § 1985 claim for several reasons. First, the complaint fails to provide any specific factual allegations to support that a conspiracy existed. Instead, the complaint contains only conclusory allegations that all the defendants were working together. Plaintiffs fail to allege any specific facts to support the existence of a conspiracy or a plan, and merely recites the facts of the events that happened, alleging there must have been a conspiracy, presumably because Plaintiffs did not get their way. It is as though Plaintiffs are attempting to create a conspiracy around the mere fact that Plaintiffs were not happy with how any events unfolded. Yet, such allegations are nothing more than the "unadorned" conclusions rejected in Iqbal, and as such, fail to state a claim. Iqbal, at 678. Plaintiffs also fail to allege an act in furtherance of the conspiracy. Finally, the Court also notes, as it does above in connection with

the § 1983 claim, that Plaintiffs' failure to allege any facts to support the claim that there was a deprivation of constitutional rights is also fatal to the § 1985 claim. Merely making an occasional conclusory allegation, without more, that Defendants acted against Plaintiffs because of DeJohn's Italian heritage is insufficient.

3. RICO Claim

To state a RICO claim, a plaintiff must show: "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 120 (2d Cir. 2013) DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001), cert. denied, 534 U.S. 891 (2001). To establish a violation of § 1962(c), a plaintiff must show that a person engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Id. at 306 (quotation marks omitted). To bring a claim under any prong of § 1962 requires that the plaintiff establish a "pattern of racketeering activity." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 120 (2d Cir. 2013) (citing DeFalco v. Bernas, 244 F.3d at 306).

As the Second Circuit "has long recognized, the plain language and purpose of the statute contemplate that a person violates the statute by conducting an enterprise through a pattern of criminality." Cruz, at 120 (emphasis in original). "[F]or an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." Id. (quoting First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 174 (2d Cir. 2004) (quotation marks omitted).

18 U.S.C. § 1961 defines "racketeering activity" as certain enumerated acts. Giving

every inference to Plaintiffs, they claim Defendants engaged in "racketeering activity" including wire fraud (18 U.S.C. § 1341), transportation in interstate commerce of goods stolen or taken by fraud (18 U.S.C. § 2314), and obstruction of justice (18 U.S.C. § 1503).

If a plaintiff is basing his RICO claim on a predicate of fraud, then the "[plaintiff's] allegations must also satisfy the requirement that, "'[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" Cruz, at 102, n. 2 (quoting Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 119 (2d Cir. 2013) and Rule 9(b) (internal quotes omitted)).

Plaintiffs fail to state a RICO claim. First, they fail to state an enterprise. As noted above, the statute requires that the enterprise "share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." Cruz, at 102. As discussed above in connection with Plaintiffs's conspiracy claim, the allegations fail to show that the defendants shared a "common purpose" or worked together to perpetuate a fraud or any other result. Plaintiffs' disappointment with the foreclosure and sale of the Premises, and frustration that the various judges who reviewed these matters didn't grant them the results they sought, does not a enterprise or conspiracy make.

Furthermore, even if Plaintiffs sufficiently alleged the required "enterprise," the allegations fail to substantiate the fraud required for the predicate acts of the RICO claim. Plaintiffs do not provide any of the particularity required by Rule 9(b) to substantiate the fraud claims, and for this reason as well, Plaintiffs' RICO claim fail. See Cruz, at 120, n.2.

B. Supplemental Jurisdiction

With no federal claims remaining in the case, the Court lacks subject matter jurisdiction

and declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state claims.

C. Costs

As noted above, the 201 JR Defendants request that the Court award costs for this motion. The Court notes that this action is just one of five that have been filed with this Court, and follows other litigations in state court. The number of defendants originally sued in this case as reflected in the caption, is excessive and absurd, and only after Plaintiffs' counsel was threatened with sanctions were certain defendants dismissed. Certain other defendants were not dismissed, but yet Plaintiffs never bothered to oppose their motions to dismiss, which have therefore been granted as unopposed. The Court finds this case borders on frivolous, and rather than sanction Plaintiffs' counsel *sua sponte*, grants the request of 201 JR Defendants for costs of this motion. All moving defendants are directed to submit a proposed order detailing costs incurred in connection with the motions.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss are granted. Plaintiffs fail to state a claim under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 18 U.S.C. § 1962. The Court declines to exercise supplemental jurisdiction over the remaining state claims, and this case is dismissed. The Court also directs that the Notice of Pendency bearing Index No. 13-7771 filed by Plaintiffs on the Premises regarding this lawsuit be canceled, and invites all moving

defendants to submit a proposed order detailing costs. The Clerk of the Court is directed to terminate the motions at ECF entries 113, 115 and 116 and close the case.

SO ORDERED.

                                            s/ Leonard D. Wexler
                                          LEONARD D. WEXLER
                                          UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        September 28, 2015